ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JANICE ODETTE COLÓN VILLAR<br><br>Peticionaria<br><br><br>EX PARTE | KLAN202401053 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Guayama<br><br>Caso Núm. GM2023CV00791<br><br><br>Sobre:<br><br>Expediente de Dominio |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de enero de 2025.

Este Recurso denominado *Apelación* fue presentado de manera *Ex Parte* por la señora Janice Odette Colón Villar (en adelante, la Recurrente) el 22 de noviembre de 2024. El mismo se acogió como *Certiorari*, mediante *Resolución* del 7 de enero de 2025. La Recurrente nos solicita que revoquemos la *Resolución* dictada y notificada el 23 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante, TPI).

Mediante dicha *Resolución*, el TPI declaró *No Ha Lugar* la *Petición de Expediente de Dominio* presentada por la Recurrente. Determinó que, por la Recurrente alegar que adquirió el inmueble por prescripción adquisitiva, en vez de haberlo adquirido del dueño anterior, no había realizado el trámite correcto para llevar a cabo el proceso de expediente de dominio.

Tras dicha determinación, la Recurrente solicitó la conversión del caso de epígrafe a uno ordinario, con el propósito de declarar el dominio, por virtud de usucapión. Así, el TPI

Número Identificador

RES2025 _____

concluyó que dicho planteamiento también era improcedente en derecho y desestimó la petición.

Por los fundamentos que exponemos a continuación, *denegamos* el recurso ante nuestra consideración.

## I.

El 7 de octubre de 2023, la Recurrente presentó una *Petición de Expediente de Dominio* juramentada ante el TPI. Mediante esta, expresó que es dueña en pleno dominio de un inmueble ubicado en el municipio de Arroyo. Indicó que dicha propiedad no consta inscrita en el Registro de la Propiedad, y que la adquirió por prescripción extraordinaria. Además, arguyó que la anterior dueña de esa propiedad fue la señora Delfina Manatou. Sostuvo que, junto a los anteriores dueños, habían "poseído en concepto de dueños la mencionada propiedad por más de treinta (30) años de manera, pública, pacífica, continua y a título de dueño." Por tanto, solicitó al TPI que declarara justificado el dominio del inmueble a su favor, y ordenase que fuese inscrito en el Registro de la Propiedad.

Tras varios incidentes procesales, el 23 de octubre de 2024, el TPI celebró una vista para atender la petición de la Recurrente. Al comienzo de la vista, el TPI planteó que en el pleito de autos no se había seguido el trámite de expediente de dominio, y procedía su desestimación. El Ministerio Público estuvo de acuerdo con dicho planteamiento, mientras que la Recurrente expresó su desacuerdo.

Así las cosas, ese mismo día, el TPI declaró *No Ha Lugar* la petición presentada, y dictó *Resolución de Desestimación*, sin perjuicio. Fundamentó su decisión en el hecho de que la Recurrente no alegó haber adquirido el inmueble del dueño

anterior, sino que categóricamente indicó haberlo adquirido por prescripción adquisitiva. Por tanto, el TPI sostuvo que era improcedente presentar el reclamo bajo un proceso de expediente de dominio. Además, el TPI indicó que era necesario que la Recurrente incoara una demanda, en un pleito independiente, en contra de quienes tuviesen el derecho real de dominio del inmueble a su favor.

Una vez determinada la improcedencia de la petición de expediente de dominio, la Recurrente solicitó la conversión del caso a uno ordinario, con la intención de declarar el dominio por la vía extraordinaria. No obstante, el TPI sostuvo que dicho remedio también era improcedente.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 1 de noviembre de 2024, la Recurrente compareció ante nos mediante el presente recurso de apelación. En el mismo expuso el siguiente señalamiento de error:

> ERRÓ el Honorable Tribunal de Primera Instancia (TPI) al considerar que los bienes inmuebles no son susceptibles de adquisición por ocupación y que lo pretendido por la peticionaria, Janice Odette Colón Villar, es una acción de usucapión y no de expediente de dominio.

El 7 de enero de 2025, acogimos el recurso de epígrafe como un *Certiorari*. Además, concedimos a la Oficina del Procurador General hasta el 14 de enero de 2025, para presentar su posición. Habiendo ambas partes comparecido, estamos en posición de resolver.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León

v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724, 735 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**III.**

Conforme el derecho aplicable, no encontramos razón por la que debamos intervenir en el presente caso. No se configura ninguna de las instancias contempladas a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir.

El TPI determinó que la acción incoada por la Recurrente fue una de usucapión y no de expediente de dominio, por lo que no había realizado el trámite correcto. Por tanto, sostuvo que era improcedente presentar el reclamo bajo un proceso de expediente de dominio. Así, el TPI indicó que la Recurrente debía incoar una demanda, en un pleito independiente, en contra de quienes podrían reclamar algún derecho real de dominio del inmueble a su favor. En su *Resolución* desestimatoria, el TPI ejerció su criterio, evaluó la Ley que permite el trámite del Expediente de Dominio, y desestimó el caso de epígrafe, por el remedio solicitado ser improcedente en derecho.

Por lo tanto, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

Además, concluimos que el TPI no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

**IV.**

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones